**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BILLY BLAIR )<br>118 MAIN STREET )<br>RUSSELL SPRINGS, KY  42642 )<br> )<br>AND )<br> )<br>GLEN BLAIR )<br>4234 CRESTVIEW DRIVE )<br>LOVELAND, OHIO  45141 )<br> )<br>AND )<br> )<br>JUANA CHICOINE )<br>501 FAIRWOOD )<br>TALLMADGE, OHIO  44278 )<br> )<br>AND )<br> )<br>FRANCES CLENDENIN )<br>207 BUCKNER  STREET )<br>PERRYVILLE,  KY  40468 )<br> )<br>AND )<br> )<br>PARVIN COX )<br>12900 S. SCHOONER ROAD )<br>LEAVENWORTH, IN  47137 )<br> )<br>AND )<br> )<br>JOSEPH ENLEY )<br>2173 S. ENLEY ROAD )<br>WHEATLAND, IN  47597 )<br> )<br>AND )<br> )<br>JOEY EVANS )<br>504 DALMORAL COURT )<br>LEXINGTON, KY  40505 )<br> )<br>AND ) | JUDGE:<br><br><br>CASE NO.<br><br><br>**COMPLAINT**<br>**FOR MONEY DAMAGES ONLY**<br><br>(JURY DEMAND ENDORSED<br>HEREON) |

NANCY GARRET                                    )
721 PARK AVE., NW                               )
NEW PHILADEPHIA, OHIO  44663                    )
                                                )
AND                                             )
                                                )
JAMES GOGEL                                     )
17776 COUNTY RD. 700E                           )
DALE,  INDIANA  47523                           )
                                                )
AND                                             )
                                                )
CHRISTINE KAISER                                )
2827 S. 64TH ROAD                               )
VINCENNES, INDIANA  47591                       )
                                                )
AND                                             )
                                                )
JACK LEONTI                                     )
236 VALLEY BROOK BLVD.                          )
HINCKLEY, OHIO  44233                           )
                                                )
AND                                             )
                                                )
RALPH LOVE                                      )
2812 S. STATE ROAD 66                           )
MORENGO, INDIANA  47140                         )
                                                )
AND                                             )
                                                )
LAWRENCE MCCAULIFF                              )
443 METCALF ROAD                                )
EYLRIA, OHIO  44035                             )
                                                )
AND                                             )
                                                )
OSCAR MEHLING                                   )
6643 E. COUNTY RD., 900 N.                      )
DALE, INDIANA  47523                            )
                                                )
AND                                             )
                                                )
BERTHA MYNARSKY                                 )
6212 SYLVIA DRIVE                               )
BROOKPARK, OHIO  44142                          )

AND                                                    )
                                                       )
GEORGE PFEFFER                                         )
5057 GREENHURST                                        )
MAPLE HEIGHTS, OHIO  44137                             )
                                                       )
AND                                                    )
                                                       )
STELLA POINTKOWSKI                                     )
2635 BURRIDGE CIRCLE                                   )
TWINSBURG, OHIO  44011                                 )
                                                       )
AND                                                    )
                                                       )
HILDA SCHROEDER                                        )
18359 E. HANCOCK ROAD                                  )
SANDBORN, INDIANA  47598                               )
                                                       )
AND                                                    )
                                                       )
PATRICK SMITH                                          )
17444 VERMONT STREET                                   )
GRAFTON, OHIO  44044                                   )
                                                       )
AND                                                    )
                                                       )
LYNN TELLING                                           )
1830 COUNTY ROAD 4117                                  )
BUNA, TEXAS  77612-5741                                )
                                                       )
AND                                                    )
                                                       )
DEBORAH WATSON                                         )
1910 OLD HIGHWAY 135 SW                                )
CORYDON, INDIANA  47112                                )
                                                       )
AND                                                    )
                                                       )
BETTY BOONE COLLINS                                    )
c/o MARY BOONE                                         )
3878 E. 151ST STREET                                   )
CLEVELAND, OHIO  44128                                 )
                                                       )
AND                                                    )
                                                       )

3

CONNIE M. FISHER                              )
686 LOGAN ROAD                               )
MANSFIELD, OHIO  44907                       )
                                             )
        -VS-                                 )
                                             )
BANK ONE                                     )
Nka JP Morgan Chase Bank National            )
Association                                  )
        1111 Polaris Parkway                 )
        Columbus, Ohio  43246                )
                                             )
AND                                          )
                                             )
CITIZENS BANK                                )
P.O. Box 789                                 )
Mooresville, IN  46148                       )
                                             )
AND                                          )
                                             )
CHARTER ONE BANK                             )
1215 Superior Avenue                         )
Cleveland, Ohio  44114                       )
                                             )
AND                                          )
CONESCO ANNUITY ASSURANCE                    )
COMPANY                                      )
11815 N. Pennsylvania Street                 )
Carmel, IN 46032                             )
                                             )
AND                                          )
                                             )
ENGLISH STATE BANK                           )
Nka  Community First Bank                    )
        900 Highway 62 Northwest             )
        P.O. Box 505                         )
        Corydon, In  47112                   )
                                             )
AND                                          )
                                             )
FIFTH THIRD BANK                             )
S/A Paul L. Reynolds                         )
38 Fountain Square Plaza                     )
Cincinnati, Ohio  45263                      )
                                             )
AND                                          )

4

FIRST MERIT CORPORATION )
3 Cascade Plaza, 7th Floor )
Akron, Ohio  44308 )
)
AND )
)
The FIRST NATIONAL BANK )
KMK Service Group )
1400 Provident Tower )
One East Fourth Street )
Cincinnati, Ohio  45202 )
)
AND )
)
The HUNTINGTON NATIONAL BANK )
41 S. High Street HC0640 )
Columbus, Ohio  43287 )
)
AND )
)
NATIONAL CITY BANK )
1900 East Ninth Street )
Cleveland, Ohio  44114 )
)
AND )
)
OHIO SAVINGS BANK )
S/A Gerald Goldberg )
1801 East Ninth Street )
Cleveland, Ohio  44114 )
)
AND )
)
SAINT THERESE/SS PETER & PAUL )
CREDIT UNION )
5269 E. 104th Street )
Garfield Hts., Ohio  44125 )
)
AND )
)
SECURITY BANK & TRUST COMPANY )
20 North Third Street )
Frichton, IN  47591 )
)
AND )
)

5

SPENCER COUNTY BANK ........................... )
55 N. Louis J. Koch Blvd. ........................... )
Santa Claus, IN  47579 ........................... )
........................... )
AND ........................... )
........................... )
STATE STREET BANK & TRUST ........................... )
COMPANY ........................... )
225 Franklin ........................... )
Boston, MA  02110 ........................... )
........................... )
AND ........................... )
........................... )
UNION PLANTERS BANK, NATIONAL )
ASSOCIATION ........................... )
6200 Poplar Avenue ........................... )
Memphis, TN  38119 ........................... )
........................... )
AND ........................... )
........................... )
UNION SAVINGS BANK ........................... )
S/A  Charles W. Thornton ........................... )
8534 E. Kemper Road ........................... )
Cincinnati, Ohio  45249 ........................... )
........................... )
AND ........................... )
........................... )
DOLLAR BANK ........................... )
Federal Savings Bank ........................... )
3 Gateway Center ........................... )
401 Liberty Avenue ........................... )
Pittsburgh, PA  15222 ........................... )
........................... )
AND ........................... )
........................... )
DUBOIS COUNTY BANK ........................... )
P.O. Box 550 ........................... )
One DCB Plaza ........................... )
Jasper, IN  47547 ........................... )
........................... )
AND ........................... )
........................... )
FARMERS BANK & TRUST COMPANY )
Merged into National Bank ........................... )
P.O. Box 165 ........................... )
Wadesville, In  47638 ........................... )

6

AND                                             )
                                                )
INDIANAPOLIS LIFE INURANCE CO.                  )
9200 Keystone Crossing                          )
Suite 800                                       )
Indianapolis, IN  46240                         )
                                                )
AND                                             )
                                                )
KEY BANK, USA NATIONAL                          )
ASSOCIATION                                     )
127 Public Square                               )
Cleveland, Ohio  44114                          )
                                                )
AND                                             )
                                                )
METROPOLITAN BANK                               )
( no current address available, still looking ) )
                                                )
AND                                             )
                                                )
THE PARK NATIONAL BANK                          )
50 N. Third Street                              )
Newark, Ohio  43055                             )
                                                )
AND                                             )
                                                )
The RICHLAND TRUST COMPANY                      )
3 North Main Street                             )
Mansfield, Ohio  44097                          )
                                                )
AND                                             )
                                                )
WRIGHT-PATT CREDIT UNION, INC.                  )
2455 Executive Park Blvd.                       )
Fairborn, Ohio  45324 6219                      )

## OVERVIEW

1 .    This lawsuit arises out of a "Ponzi scheme" securities fraud in which the

plaintiffs lost most or all of their retirement savings. The plaintiffs purchased the fraudulent

securities in 1999 and 2000.

2.      The perpetrators of the fraud were James P. Carpenter, III and a group of co-conspirators, agents and/or accomplices (hereafter, individually or collectively referred to as "Carpenter).

3.      Carpenter and his accomplices defrauded the plaintiffs using what is known as a "Ponzi scheme." Carpenter represented to plaintiffs that there was an excellent opportunity to invest in Corporate Promissory Notes and Debentures. Carpenter further represented that if the plaintiffs purchased a "promissory note" or "debenture" issued by Lomas de la Barra Development Corp. (hereinafter "Lomas"), Serengeti Diamonds U.S.A., Inc. (hereinafter "Serengeti"), International Real Estate Investment Group, LTD, (hereinafter, "International") or Rawhide Select, Inc. (hereinafter, "Rawhide", payments on the note would be "guaranteed" by an entity known as New England International Surety Corp. (hereinafter, "New England") (for Lomas and Serengeti owners) or "Guaranty & Reserves, Inc." (for Rawhide and International owners) and that plaintiffs would therefore have a "guaranteed" rate of return of 10.65% per annum (Lomas and Serengeti) or 10.625% (Rawhide).

4.      Unbeknownst to plaintiffs the funds which were purportedly invested in Lomas, Serengeti, International and Rawhide were deposited into bank accounts that were not opened, maintained and/or operated by principals and/or executive officers of Lomas, Serengeti and Rawhide. These companies either did not exist, or they performed no real, substantial or actual economic activity. Plaintiffs' funds were placed in bank accounts opened, operated and/or maintained soley by Carpenter, his agents, employees, and/or family members. Plaintiffs' funds were then used exclusively for unlawful purposes, including but not limited to, removing and concealing the funds.

8

5.    Plaintiffs did not know, nor could they have known that their funds were placed in bank accounts controlled by Carpenter due to the tortious acts of the Defendant banks, as described below.

## PARTIES

6.    Plaintiffs are all citizens of Ohio, Indiana or Kentucky who were injured when the defendant drawee banks improperly paid their checks into bank accounts that were improperly opened and maintained by defendants depositary banks:  Fifth Third, First Merit Corporation, The First National Bank and the Park National Bank.  To date, these checks have not been re-credited to the Plaintiffs' accounts.  All the other banks are drawee banks.

7.    The Plaintiffs tried to pay their checks as compensation for promissory notes in Rawhide.

8.    The defendant depositary banks improperly opened and maintained new business entity accounts in violation of these banks "know your customer" policies, in addition to violating local custom.  In addition, they wrongfully converted a large number of checks by negotiating them over forged and /or unauthorized endorsements.  Finally, the handled these large checks (each one $10,000.00 or much more) with great neglicence and irregularity, in violation of their internal procedures and local custom, at least.

Defendant John Doe Bank is unknown drawee bank that improperly paid a check signed by its customers to one or more of the depositary banks.  These customers class members.

## JURISDICTION

9.    The amount in controversy in the current action exceeds two hundred and fifty thousand dollars ($250,000.00).

10.     Plaintiffs are citizens of a State different then that of one of at least one of the Defendant banks.

11.     In accordance with 28 U.S.C. 1332(d)(2), this Court has original jurisdiction over the present matter.

**COMMON FACTS**

12.     Before Opening The Accounts Needed To Defraud The Plaintiffs, The Public Record Revealed That Carpenter Was Disbarred From The Practice Of Law In Ohio For Misappropriating Client Funds, Convicted Of Felony Bank Fraud, And Incarcerated In Both Federal And Ohio Prisons.

13.     In or about 1993, the Supreme Court of Ohio permanently disbarred Carpenter from the practice of law in Ohio.    Among other things, the Court found that Carpenter had misappropriated approximately two hundred forty thousand dollars ($240,000) of his clients' funds. The decision was a matter of public record as set forth in Office of *Disciplinary Counsel v. Carpenter* (1993). 68 Ohio St. 3d 99.

14.     In or about 1991, Carpenter plead guilty to the felony of Bank Fraud, in violation of 18 U.S.C. 1344, in the United States District Court, Southern District of Ohio, Eastern Division, *United Stares v Carpenter,* Criminal Case #2-91-006.  His sentence included incarceration in a Federal penitentiary for not less than one year. The Court also issued an Order of Restitution requiring Carpenter to repay more than one hundred and sixty-eight thousand dollars ($168,000.00) to various banks and/or insurance companies. Carpenter violated the restitution portion of his sentencing, which upon information and belief, the Federal prosecutor's office reported to the consumer credit reporting agencies prior to 1998.

15.    In or about 1991, Carpenter plead guilty to the felonies of Aggravated Theft, Grand Theft and Theft in Office in a separate State of Ohio case captioned Ohio v. *Carpenter,* Licking Cty. Ohio Case Nos. 90-L-17840 and 91-18095. As part of his sentencing, Carpenter was incarcerated in a State correctional facility.

21.    Carpenter's disbarment from the practice of law and criminal record, at all material times herein, were a matter of public record.

22.    In 1997 or 1998, Carpenter conspired to create two ponzi-scheme securities frauds using corporate promissory notes issued by Serengeti and Lomas.

23.    In or about 1997, Serengeti and Lomas as were registered with the Florida Secretary of State as domestic corporations.

24.    Carpenter and his co-conspirators caused Serengeti and Lomas to issue fraudulent corporate promissory notes that were to be sold to the public purportedly as ail investment.

25.    Carpenter and his co-conspirators never intended that the plaintiffs would have their notes redeemed.

26.    At all pertinent times herein and as a matter of public record, Serengeti and Lomas were not authorized or registered to do business in the State of Ohio.

27.    At no time herein was Carpenter an officer, director, shareholder or otherwise authorized to open accounts or transfer monies from Serengeti or Lomas.

28.    The execution of these schemes involved the recruiting of a sizeable network of insurance salesmen and broker accomplices who would make virtually all of the sales of the fraudulent notes to the plaintiffs.

11

29.     In order to conceal their fraud and conversion, Carpenter instructed his "salesmen" and "brokers" to direct the investors to make their checks payable solely to either Serengeti, Lomas, International or Rawhide:  whichever entity who issued the note purchased by the Plaintiffs.

30.     Approximately two hundred and fifty (400) investors have collectively lost as much as twenty million dollars ($20,000,000.00) in the Serengeti, Lomas, Rawhide and International investments.

31.     Carpenter eventually gained sole control of the funds converted from the Plaintiffs.

32.     In September of 1998 and in attempt to conceal his conversion of Plaintiffs' funds, Carpenter began utilizing bank accounts wrongfully opened and maintained in the names of various corporations.

33.     Prior to 1999 Carpenter had one alter ego corporation lie was using to perpetrate the Lomas and Serengeti frauds: The Vantage Capital Group, Inc.  In 1999, Carpenter formed several other alter ego business entities" including, but not limited to: Dennisson Funds. LTD, Stanford Capital Group, LTD, Vision Capital Group. LTD and International Real Estate Investment Group, LTD. (hereinafter the "Carpenter corporations").

34.     The Carpenter corporations are mere *alter egos* of Carpenter, which he has used to perform wrongful and illegal acts, including his frauds against the Plaintiffs.

35.     Between 1997 and 1999, Carpenter registered each of the Carpenter corporations with the Ohio Secretary of State.  Accordingly, the fact that he is the principal of each company is a matter of public record, easily verifiable.

36.     For his role in the fraud, Carpenter has been convicted of securities and RICO violations.

37.     Carpenter's daughter, Ashley Carpenter, was employed as a teller during the 1997 and 1998 by First National Bank of Zanesville (hereinafter "Unizan"), in a branch office located in a "Big Bear" store.

38.     On September 15, 1998, Ashley Carpenter opened the Unizan depositary accounts numbered 30179955 and 3017994 (hereinafter "Unizan accounts") at the branch office iii the "Big Bear" store.

39.     These accounts were opened in the names of Lomas de la Barra Development Corporation and Serengeti Diamonds, USA Inc.

40.     The corporate authorizations for these accounts were facially invalid.

41.      The address listed on the authorization forms for the corporations, 947 E. Johnstown Rd. Ste 244, was not a corporate office of either Lomas or Serengeti.

42.     The corporations were not registered in the State of Ohio as indicated on the authorization forms.

43.     James Carpenter was not an officer of either Lomas or Serengeti as was indicated in the authorization forms.

44.     The corporate authorization forms lacked both notary and corporate seals.

45.     Carpenter referred to himself as the Secretary of both Lomas and Serengeti on the authorization Forms.

46.     Carpenter then referred to himself as an other attesting officer on the corporate authorization forms.

47. The authorization forms gave exhaustive and exclusive control to Carpenter for both of the Unizan accounts.

48. The opening of the Unizan accounts in this planner violated several of Unizan own internal policies. This fact could not have been known to plaintiffs until June of 2004.

49. The Floyds had two checks deposited by the Defendant drawee banks into the Unizan accounts in 1998 and 1999.

50. As a result, the Floyds had their own National City Check checking account debited for items that were not properly pay-able.

51. The Floyds and the Blairs could not have known that Carpenter received their funds as a result of these transactions as both the endorsements and financial statements would have indicated that the funds were paid to Serengeti, Lomas, International or Rawhide.

52. On or about February 5, 1999, Unizan's general counsel, Janine M. Marks, discovered the problems associated with the opening of the Unizan accounts and Carpenter's control over the same. An administrative hold was placed on the accounts by Unizan.

53. Upon information and belief, at no time after this discovery, did Unizan contact the criminal authorities.

54. At no time after this discovery did Unizan contact the Office of the Comptroller of Currency or any other Federal regulator.

55. Upon information and belief, at no time after this discovery, did Unizan contact the National City Bank.

56.     For reasons unknown, Unizan then released the funds held in its accounts to Carpenter in the early spring of 1999.  These facts were not and could not have been known to the Floyds before March of 2005.

### COUNT I, VIOLATION OF UCC 4-401
### (AS TO THE DEFENDANT DRAWEE BANKS)

57.     Plaintiffs incorporate the allegations in paragraphs 1 through 58 as if fully rewritten herein.

58.     The plaintiffs were at all times relevant, "customers" of the defendants listed in paragraphs 11 through 12.

59.     The defendants listed in paragraphs 11 through 12 were at all times relevant "drawee" banks.

60.     The defendants listed in paragraphs 9-10 and 13-14 were at all times relevant, "depository banks."

61.     Plaintiffs' checks were paid into accounts that were not authorized to be opened in the names of Serengeti and Lomas.

62.     These accounts were held by the defendant depositary banks.

63.     Plaintiffs' checks were not paid as authorized by the defendant drawee banks and consequently were items that were not "properly payable."

64.     In accordance with O.R.C. § 1304.30 and other applicable statutes, the drawee banks were required to re-credit or otherwise refund the amount of plaintiffs' items.

65.     Plaintiffs have made a demand of payments of the defendant drawee banks prior to the filing of this complaint.

66.     To date, no drawee bank has compensated any plaintiff.

67.     Plaintiffs were injured when the defendants' drawee banks refused to re-credit their accounts or otherwise compensate them.

### COUNT II
### FRAUD AND CONSPIRACY TO COMMIT FRAUD
### (AS TO DEFENDANT UNIZAN)

68.     Plaintiffs incorporate the allegations set forth in paragraphs 1 through 69 as if fully rewritten herein.

69.     Ashley Carpenter maliciously conspired with her father to defraud and committed overt acts aimed at furthering his fraud.

70.     As an employee of First National/Unizan, Ashley Carpenter personally opened accounts numbered 30179955 and 3017994, controlled solely by Carpenter including.

71.     Ashley Carpenter knowingly and intentionally exercised commercially unreasonable banking practices in opening these accounts.

72.     Ashley Carpenter failed to act in good faith in opening the Serengeti and Lomas accounts.

73.     Ashley Carpenter knew or should have known that Carpenter was not authorized to act on behalf of Serengeti or Lomas.

74.      Ashley Carpenter knew Carpenter had previously been convicted of bank fraud. aggravated theft and was an attorney disbarred for stealing from his clients.

75.     Ashley Carpenter conspired with  Carpenter to allow him to get possession of the Plaintiffs' money by forgery, conversion and/or wrongful transfer using fraudulent corporate bank accounts she opened, in the name of Serengeti and Lomas, under his sole control.

76.     Ashley Carpenter performed these actions in furtherance of James Carpenter's fraud and to the harm of the Floyds. .

77.     Ashley Carpenter performed them in her capacity as an employee of First National Unizan and within the scope of her employment at First National/Unizan and both Ashley Carpenter and Unizan benefited from the accounts and fraud.

78.     The actions undertaken by Ashley Carpenter and others at Unizan were so reckless that intent can be inferred.

79.     Unizan knew that the Floyds would rely upon the representation that their money was paid to Lomas, Serengeti and International.

80.     The Floyds justifiably relied upon the representation that money they invested had actually gone to Lomas and Serengeti to their detriment.

81.     The Floyds' money was directed away from Lomas and Serengeti.

82.     Unizan, is liable to the Floyds for Ashley Carpenter's conspiracy with Carpenter to commit fraud.

83.     Unizan's participation in Janies Carpenter's fraud was a proximate cause of loss to – the Floyds in an amount exceeding $200,000.00.

COUNT III  CONVERSION
(AS TO ALL DEFENDANT DEPOSITARY BANKS)

84.     Plaintiffs incorporate the allegations set forth in paragraphs 1 through 85 as if fully rewritten herein.

85.     The Plaintiffs all made checks payable to Serengeti and/or Lomas as means for purchasing their promissory notes.

86.     The defendant depositary banks knowingly and intentionally opened bank accounts for James Carpenter and/or his accomplices in the name of the Lomas and Serengeti corporations.

87.     These accounts were opened without the authorization or knowledge of either Serengeti or Lomas.

88.     The defendant depositary banks knowingly and intentionally granted authorized signatory status to Carpenter or his accomplices without independently verifying either that

Serengeti or Lomas authorized them to be signatories of their accounts and otherwise wrongfully permitted them to utilize the accounts as a tool to divert the Plaintiffs' funds.

89.     All of the corporate signatories approved by the defendant depositary banks for these entities were therefore unauthorized or fraudulent, and all of their endorsements on all of the Plaintiffs and other Investors checks were unauthorized or forgeries.

90.     The defendant depositary banks improperly paid upon every one of the Plaintiffs and Investors checks fraudulently deposited with them.

91.     By crediting checks issued by the Plaintiffs to an unauthorized account operated by an improper signatory, the defendant depositary banks proximately caused the accounts of the Plaintiffs and to be wrongfully debited and proximately came into the possession of funds that they were not authorized to possess, even temporarily, before improperly transferring them to Carpenter and his accomplices.

92.     Thus, the defendant depositary banks wrongfully exercised dominion over Plaintiffs' property in a manner inconsistent with Plaintiffs' rights.

95.     Defendant Unizan's conversion was a proximate cause of loss to the Floyds in an amount exceeding $200,000.  Defendants U.S. Bank and Fifth Third's conversion was a proximate cause of loss to the Blairs in an amount exceeding $100,000.00.

**COUNT IV**
**NEGLIGENCE**
**(AS TO ALL DEFENDANT DEPOSITARY BANKS)**

96.     Plaintiffs incorporate the allegations set forth in paragraphs l through 95 as if fully rewritten herein.

97.     The defendant depository banks had a duty to conduct their banking affairs with ordinary care.

98.     The defendant depositary banks had a duty to formulate and follow a "know your customer" policy concerning the opening of new customer business entity checking accounts.

99.     The defendant depositary banks had a duty to take reasonable additional precautions to prevent their new customer business entity checking accounts from becoming conduits for fraud and/or money laundering activities.

100.    The defendant depositary had a duty to inquire further into, and under certain circumstances to report to Federal Government authorities suspicious banking activity and/or financial transactions to which they were a parry. This includes making Suspicious Activity Reports ("SAR") reports.

101.    The purpose of these duties and regulations promulgating them are to prevent the sort of foreseeable misuse of bank accounts to convert and launder funds that occurred in this case.

102.    The defendant depositary banks breached the before mentioned duties and otherwise breached their duty of care.  But for the banks' breach of their duties, the Ponzi scheme could not have been accomplished without detection.

103.    Defendant Unizan's negligence was a proximate cause of loss to the Floyds in an amount exceeding $200,000.  Defendants U.S. Bank and Fifth Third's negligence was a proximate cause of loss to the Blairs in an amount exceeding $100,000.00.

COUNT V
FAILURE TO ACT WITH ORDINARY CARE UNDER THE UNIFORM COMMERCIAL CODE
(AS TO ALL DEFENDANT DEPOSITARY BANKS)

104.    Plaintiffs incorporate the allegations set forth in paragraphs 1 through 103 as if fully rewritten herein.

105.    The defendant depositary banks had a duty to conduct their banking affairs and specifically to handle checks and related documents, in accordance with the standards set forth by the Uniform Commercial Code. The defendant depositary banks breached their duties under the Uniform Commercial Code.

107.    Defendant Unizan's failure to act with ordinary care was a proximate cause of loss to the Floyds in an amount exceeding $200,000.  Defendants U.S. Bank and Fifth Third's failure to act with ordinary care was a proximate cause of loss to the Blairs in an amount exceeding $100,000.00.

**COUNT VI**
**BREACH OF DUTY TO ACT IN GOOD FAITH UNDER THE UNIFORM COMMERCIAL CODE**
**(AS TO ALL DEFENDANT DEPOSITARY BANKS)**

108.    Plaintiffs incorporate the allegations set forth in paragraphs 1 through 107 as if fully rewritten herein.

109.    The defendant depositary banks had a duty under the Uniform Commercial Code to act in good faith.

110.    The defendant depositary banks declined to request corporate identification or authorization documents from Carpenter concerning Serengeti and/or Lomas and other vise breached the duty of good faith required under the Uniform Commercial Code.

111.    Defendant Unizan's failure to act in good faith was a proximate cause of loss to the Floyds in an amount exceeding $200,000.  Defendants U.S. Bank and Fifth Third's failure to act in good faith was a proximate cause of loss to the Blairs in an amount exceeding $100,000.00.

**COUNT VII**
**CONVERSION UNDER THE UNIFORM COMMERCIAL CODE**
**(As to all defendant depositary banks)**

111.    Plaintiffs incorporate the allegations set forth in paragraphs l through 111 as if fully rewritten herein.

112.    Carpenter and his accomplices forged or made without proper authority, all of the endorsements on the checks of the Plaintiffs and Investors, and deposited them with the Defendants who subsequently negotiated and or transferred them, within the meaning of both the Uniform Commercial Code and the common law thus converting funds to their use.

113.    The defendant depositary banks' transfers and/or negotiations of the Plaintiffs' and Investors' checks deposited with them by Carpenter and his accomplices constitute in violation of O.R.C. § 1303 and § 1304 and other applicable statutes.

114.  Defendant Unizan's conversions were a proximate cause of loss to the Floyds in an amount exceeding $200,000.  Defendants U.S. Bank and Fifth Third's conversions were a proximate cause of loss to the Blairs in an amount exceeding $100,000.00.

**COUNT VIII**
**ACTION FOR MONEY HAD AND RECEIVED**
**(AS TO ALL DEFENDANT DEPOSITARY BANKS)**

114.     Plaintiffs incorporate the allegations set forth in paragraphs 1 through 115 as if fully rewritten herein.

115.     The Defendant depositary banks failed in duties they had to the Plaintiffs and allowed Carpenter to take possession of Plaintiffs' property unbeknownst to them.

116.     During the time that the Defendant depositary banks failed in their duties to the Plaintiffs, and while Carpenter used their institutions to convert and launder the Plaintiffs' money, without their knowledge, the defendant depositary banks received and retained the Plaintiffs' money which, in equity and justice they ought to have refunded to the Plaintiffs.

117.  Defendant Unizan's failure to in their duties was a proximate cause of loss to the Floyds in an amount exceeding $200,000.  Defendants U.S. Bank and Fifth Third's failure in their duties to the Blairs was a proximate cause of loss to the Blairs in an amount exceeding $100,000.00.

**WHEREFORE**, Plaintiffs request this Court:

Award judgment against Defendants as follows:

**COUNT I**: the face amount of all checks written by the Plaintiffs and improperly paid by the individual defendant drawee banks, as well as consequential damages, attorney's fees, interest, and such other relief as this Court deems just and proper.

**COUNTS II-VII**:  the face amount of all converted, forged, or stolen checks, in an amount that exceeds $300,000.00 for Defendants Unizan, Fifth Third and US Bank, as well as consequential damages, punitive damages, attorneys fees and such other relief as this Court deems just and proper.

Respectfully submitted,


  /s/ Daniel G. Morris
Daniel G. Morris, Esq. (0040449)
The Law Offices of Daniel G. Morris
P.O. Box 609192
4205 Woodbridge Ave.
Cleveland, Ohio  44109
Tel:  (216) 939-8593
Fax:  (216) 961-6462
E-mail:  lvmjm01@ameritech.net
Attorney for the Interveners


<u>JURY DEMAND</u>

Plainitffs demand a trial by a jury, on all issues of fact and law so triable to a jury.


  /s/ Daniel G. Morris
Daniel G. Morris
Attorney for the Plaintiffs